UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CRIMINAL ACTION NO.: 1:08CR-50-M**

**UNITED STATES OF AMERICA**                                                                       **PLAINTIFF**

**v.**

**HENRY BRICE, MICHAEL HARRIS,**
**MARKISE DeSHAUN McGUIRE,**
**LAWRENCE CHIMAKO STEWART, and**
**MICHAEL DEMETRICE TATE**                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court upon various pretrial motions [DN 52-55] made by the defendant, Henry Brice ("Brice"). Responses having been filed, these motions are ripe for decision.

The indictment in this matter alleges that Brice aided and abetted a bank robbery by force or violence in violation of 18 U.S.C. § 2113(d). In his first motion [DN 52], Brice attacks the sufficiency of the allegations in the indictment. He contends that the indictment is deficient on its face because it does not allege an element of the offense charged–that the robbery occurred at a bank referenced in 18 U.S.C. § 2113(f).[1] The Court disagrees. Although § 2113(f) is not explicitly cited, the indictment does allege that the bank robbery occurred at "BB&T Bank, . . . a financial institution the deposits of which were then and there insured by the [FDIC.]" This allegation is more than sufficient to meet the requirements of Fed. R. Crim. P. 7(c)(1) which only requires "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Under

---

[1] The federal bank robbery statute, 18 U.S.C. § 2113, makes it illegal to rob "any bank." Subsection (f) defines "bank" as including "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation [FDIC]." 18 U.S.C. § 2113(f). As an element of the charged offense, "[t]he government must prove beyond a reasonable doubt that the bank was insured by the FDIC . . . when the charged criminal acts occurred." United States v. Trevino, 720 F.2d 395, 399 (5th Cir. 1983) (quotation and internal markings omitted).

Rule 7, the indictment must be read "in a practical sense" and must be "construed liberally in favor of its sufficiency." United States v. McAuliffe, 490 F.3d 526, 531 (6th Cir. 2007) (citation omitted). An indictment satisfies this standard if, as here, it "includes in the allegations the statutory language . . . ." Id. at 532. For these reasons, the indictment sufficiently alleges that the robbery occurred at a bank referenced in § 2113(f).

Brice also requests that certain Brady and Giglio material be disclosed one week prior to trial [DN 53]. Specifically, Brice requests the disclosure of material that could be used to impeach the government's witnesses including each witness's criminal record, prior statements to the government, leniency agreements with the government, and polygraph results. The government represents that it will turn over any such material if required to do so by Brady, but that it should not be required to reveal the identity of its witnesses prior to trial. The Court finds that an order requiring the government to disclose the requested Brady and Giglio material prior to trial is unwarranted. The arraignment order entered February 19, 2009 [DN 25] provides for the disclosure of Brady material and the government should likewise by governed by said order with regard to Giglio material. The government should be mindful that failure to disclose said material at a time when it can effectively be used at trial may result in unnecessary delays at trial.

Brice also requests that the government disclose the identity of any confidential informants who may testify at trial [DN 54]. However, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993) (citing Fed. R. Crim. P. 16). Brice contends that Roviaro v. United States, 353 U.S. 53 (1957) and United States v. Whitley, 734 F.2d 1129 (6th Cir. 1984) require such disclosure. However, Roviaro and Whitley involved the disclosure of *non-testifying* confidential informants. As the Sixth

Circuit in Perkins made clear, "*where the informant testifies*, the government need not have disclosed his identity prior to trial." Id. at 1190-91 (emphasis added) (discussing United States v. Pennick, 500 F.2d 184, 186-87 (10th Cir. 1974)).

Lastly, Brice requests that the government disclose all 404(b) evidence it intends to introduce at trial [DN 55]. In response, the government disclosed the requested material making Brice's motion moot.[2]

**ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions by the defendant, Henry Brice, to dismiss [DN 52], for Brady and Giglio material [DN 53], and for the identity of confidential informants [DN 54] are **DENIED**. **IT IS FURTHER ORDERED** that the motion by Brice for the disclosure of 404(b) evidence [DN 55] is **DENIED as moot**.

cc:  Counsel of Record

---

[2]   Of course, by denying Brice's motion as moot, the Court makes no opinion as to the admissibility of the disclosed evidence.